UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONALD STAPLES,                    )
                                   )
            Plaintiff              )
                                   )
v.                                 )     No. 2:15-cv-392-DBH
                                   )
CAROLYN W. COLVIN,                 )
Acting Commissioner of Social Security, )
                                   )
            Defendant              )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this well-traveled Social Security Disability ("SSD") case contends that the administrative law judge committed several reversible errors, at Steps 2 and 5 of the commissioner's sequential evaluation process, including mishandling the medical evidence, wrongly relying upon an unsupported medical opinion, wrongly weighing retrospective opinions, and failing to comply with the remand order of the Appeals Council. For the reasons that follow, I recommend that the court vacate the commissioner's decision and remand the action for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 16, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

requirements of the Social Security Act through March 31, 1992, Finding 1, Record at 620; that, through the date last insured, he suffered from a generalized anxiety disorder, an impairment that was not severe, Findings 3-4, *id*. at 621-22; that, through the date last insured, he accordingly was not under a disability, as that term is defined in the Social Security Act, Finding 5, *id*. at 625; that, in the alternative, through the date last insured, his anxiety-related disorder was severe, but did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 6-7, *id*.; that, through the date last insured, he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels except that he was limited to simple work with no public contact, Finding 8, *id*. at 626; that, through the date last insured, he was unable to perform any past relevant work, Finding 9, *id.* at 629; that, given his age (44 years old, on the date last insured), education (at least high school), work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making, there were jobs existing in significant numbers in the national economy through the date last insured that he could have performed, Findings 10-13, *id*. at 629-30; and that he, therefore, had not been disabled from August 1, 1988, through the date last insured, March 31, 1992, Finding 14, *id*. at 630. The Appeals Council declined to review the decision, *id*. at 595-98, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* (quoting Social Security Ruling 85-28).

The statement of errors also implicates Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Step 2

The plaintiff argues that the administrative law judge erred in "concluding that the analysis should terminate at Step 2." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 12) at 5.  He does not identify in this section of his brief the "mental impairments," *id.*, that he contends should have been found to be severe at Step 2, nor does he suggest how reaching such a

3

determination would necessarily change the outcome of his application, as is required by established case law in this district. *E.g., Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) (and cases cited therein). Ordinarily, this omission would mean that he is not entitled to remand based on this argument.

The difference in this case, however, is that the administrative law judge who made the finding at Step 2 that the plaintiff had no severe impairments was acting on remand after a different administrative law judge had found that the plaintiff's anxiety disorder was severe, but that it did not affect the occupational base of unskilled work. Record at 18-21, 35-38.

In *Bolduc*, I observed in a footnote that the plaintiff's failure to show that the error she had alleged was not harmless doomed her appeal at Step 2. 2010 WL 276280, at *4 n.3. The administrative law judge in that case did not reverse an earlier decision that was favorable to the claimant, as was the case here. In this case, the administrative law judge came to the opposite conclusion at Step 2 from that made by the first judge without explaining that difference. Record at 622-25. *See Magee v. Astrue*, No. 4:11-cv-48-RLY-TAB, 2012 WL 1156429 (S.D. Ind. Apr. 6, 2012)(administrative law judge on remand with same medical record may not change severe finding to not severe without explanation for doing so).

This court has addressed similar reversals in the past. In those cases, I noted that reconsideration of the finding at Step 2 that a claimant's impairment is severe is foreclosed when the remand order does not specifically direct the administrative law judge to undertake that task. *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *5 (D. Me. Dec. 30, 2012); *Maddocks v. Astrue*, No. 1:11-cv-461-NT, 2012 WL 5255197, at *3 (D. Me. Sept. 30, 2012) (in the absence of "persuasive evidence that the administrative law judge labored under a basic misconception of the evidence, it would be inappropriate to disturb prior administrative findings that have never

been challenged"). Nothing in my earlier decision recommending that the first decision be vacated may reasonably be construed to direct the administrative law judge to revisit the Step 2 finding.[2] Report and Recommended Decision, *Staples v. Astrue*, Civil No. 09-440-P-S (ECF No. 18). Record at 705-18. *See also Drummond v. Commissioner of Soc. Sec.,* 126 F.3d 837, 842 (6th Cir. 1997) (administrative law judge may not on remand change finding of severe to not severe absent evidence of improvement in claimant's condition).

This court's opinion in 2010 that vacated the decision of the first administrative law judge at Step 5 did not permit the second administrative law judge to reject the Step 2 finding of severity by the first administrative law judge. Because that error unfairly deprived the plaintiff of a finding in his favor at Step 2, where the burden of proof is *de minimis*, the plaintiff is entitled to yet another remand.

For the benefit of the parties on remand, and in the hope of minimizing the time and effort to be spent in yet another consideration by the commissioner, I will briefly address the plaintiff's arguments concerning the administrative law judge's alternate findings at Step 5.

### B. Step 5 Issues

#### 1. Law of the Case

The plaintiff contends that the administrative law judge's decision at Step 5 was "precluded by the law of the case" and was impermissibly based upon "his lay judg[]ment . . . in crafting an RFC finding which was contradicted by all of [the] assessments completed by the acceptable medical sources of record." Itemized Statement at 14. The defendant does not respond to the plaintiff's law-of-the-case argument.

---

[2] Following an initial decision by the second administrative law judge that found, *inter alia*, the plaintiff's mental impairment to be non-severe at Step 2, the Appeals Council remanded the case with a direction that the administrative law judge "reevaluate the severity of the claimant's mental impairments before his date last insured with consideration of all of the relevant medical evidence of record." Record at 740.

      Specifically, the plaintiff describes his law-of-the-case argument as follows:

> This very issue of whether an ALJ could make his own assessment of RFC without a supporting medical opinion in this case was presented to this Court previously in docket No. 09-cv-440. It was decided adversely to the Commissioner there and remains the law of the case.

*Id.* at 15.

      At first glance, this appears to be merely the plaintiff's invocation of the precept of Social Security law that an administrative law judge may not, in most instances, craft an RFC based on his own interpretation of raw medical evidence or that an RFC must be supported by substantial evidence, rather than an instance appropriate for application of the doctrine of law of the case. As I understand the plaintiff's brief argument, however, he apparently means to contend that, because this court found when it first remanded this claim in 2010 that the RFC assessment made for the plaintiff at that time was not supported by substantial evidence in the record, the RFC assessment in this case, with no further medical evidence in the record, must be found to suffer from a similar lack of support.

      This argument misapprehends my recommended decision on the plaintiff's first appeal. I did not conclude in that recommended decision that the administrative law judge could only have fashioned an RFC for the plaintiff limited to the raw medical evidence that she did not reject. Rather, I held that the administrative law judge at that time did not "clarif[y] how she derived the specific components of her RFC from" the plaintiff's subjective allegations, the VA disability ratings, and Dr. Newcomb's 2000 mental status report. Report and Recommended Decision, *Staples v. Astrue*, No. 2:09-cv-440-GZS ("2010 Decision") (ECF No. 18), at 6. That conclusion does not prevent another administrative law judge from reaching a supportable RFC based on the same evidence, so long as the sources of that RFC are specified.

6

## 2. Lack of Medical Expert Evidence

The plaintiff next faults the administrative law judge for reaching an RFC without the guidance of expert analysis of his functional capacity. Itemized Statement at 15-[16]. The defendant responds that the administrative law judge was not required to consult a medical expert for his alternate ruling at Step 5 because, in this alternative finding, he found the plaintiff's anxiety-related disorder to have been severe at the relevant time, and that finding is more favorable to the plaintiff than would be warranted by the five state-agency physician reports, citing *Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at \*4 (D. Me. Apr. 25, 2014). To undermine the limitation in his RFC to simple work with no public contact arising from this impairment, the plaintiff cites only the reports of Drs. Luongo and Newcomb, Itemized Statement at 16-17, which the administrative law judge supportably rejected.

The plaintiff contends that the administrative law judge gave invalid reasons for rejecting the opinions of Dr. Luongo, a consulting psychologist, that the plaintiff was "disabled from engaging in sustained gainful activity . . . since approximately 1991," and of, Dr. Newcomb, a consulting psychiatrist, who concluded that the plaintiff "was disabled by anxiety, depression and PTSD at least by his D[ate] L[ast] I[nsured.]" Itemized Statement at 7, 8.

First, and most important, these opinions about the ultimate issue in this proceeding address an issue that is reserved to the commissioner, and accordingly cannot be given any "special significance." *Braley v. Barnhart*, No. 04-176-B-W, 2005 WL 1353371, at \*4 (D. Me. June 7, 2005); *see also* 20 C.F.R. § 404.1527(e). While the administrative law judge was not required to give "good reasons" for rejecting these opinions, because they did not come from treating sources, *Waddell v. Colvin*, No. 2:14-cv-105-JHR, 2015 WL 1723682, at \*6 (D. Me. Apr. 14, 2015), he did give good reasons in this case, including that both consultants examined the plaintiff more than 10

years after his date last insured, did not offer opinions dating back to the alleged onset date, and disagreed in significant respects. Record at 624.

Contrary to the plaintiff's contention, Itemized Statement at 8, it is not reversible error for the administrative law judge to note how long after the date last insured the consultants saw the plaintiff and that both examinations resulted from referrals by the plaintiff's attorney, when he also gives other reasons for rejecting their opinions. *Waddell*, 2015 WL 1723682 at *7. Similarly, the assertion that the disagreements between Dr. Newcomb and Dr. Luongo were "not related to the issue . . . whether there was a severe condition[,]" Itemized Statement at 9, is incorrect. The two consultants may have reached the same conclusion on the issue reserved to the commissioner, but the fact that they gave very different reasons for doing so is quite relevant.

This alleged error would not entitle the plaintiff to remand.

### 3. Basis for RFC Finding

The plaintiff's next challenge directly targets the RFC assigned to him by the administrative law judge. *Id*. at 17-19. He contends that the administrative law judge failed to explain adequately how he derived the RFC, "[t]o the extent that the ALJ sought to base his mental RFC on something other than the examiners['] reports[.]" *Id*. at 17. Specifically, he asserts that it was reversible "error for the ALJ to acknowledge that Dr. Abraham found a limitation in memory and concentration without finding even a moderate corresponding limitation in the area of concentration, persistence or pace." *Id.* He cites no authority in support of this assertion,[3] and he does not explain how such a limitation would affect the outcome of his claim for benefits.

---

[3] *But see, e.g., Eltayyeb v. Barnhart*, No. 02 Civ. 925(MBM), 2003 WL 22888801, at *6-*7 (S.D.N.Y. Dec. 8, 2003) (moderate impairments in most work-related areas not inconsistent with simple work); *Ge Xiong v. Colvin*, 995 F.Supp.2d 958, 988 (D. Minn. 2014) (same).

The defendant again does not respond directly to this argument, instead repeating her position that the administrative law judge's rejection of the opinions of Drs. Luongo and Newcomb was not error. Opposition at 15-17. The administrative law judge's treatment of this issue is troubling. He discounts the plaintiff's credibility in reporting the intensity and limiting effects of his mental impairment (a finding that the plaintiff does not contest); notes the relative lack of mental health treatment during the operative period; and notes Dr. Abraham's findings from February 1, 1991, and their inconsistencies with the plaintiff's own contemporaneous reports of his activities of daily living, as well as his report that he stopped working because he was "fed up" with working and paying child support. Record at 628. However, he does not explain how this evidence led to a limitation of simple work with no public contact.

This court has not required an administrative law judge to specify the evidence in the record upon which his or her opinion is based in order to find that opinion supported by substantial evidence in the record. *Rawson v. Astrue*, Civil No. 09-469-BW, 2010 WL 2923902, at *4 (D. Me. July 19, 2010). In Social Security appeals brought to this court in the past, anxiety-related symptoms and difficulty concentrating have resulted in a limitation to "simple work that involves no public contact." *E.g., Hesson v. Colvin*, No. 2:15-cv-106-DBH, 2015 WL 7259747, at *6 (D. Me. Sept. 29, 2015).

Still, when a claimant raises the issue, the connection between a functional limitation included in an RFC and some particular evidence in the record must be apparent. *See, e.g., Griffard v. Colvin*, Civil Action No. 5:12-CV-129 (MTT), 2013 WL 4039400, at *6 (M.D. Ga. Aug. 7, 2013); *Emory v. Astrue*, Civil Action File No. 1:11-CV-2908-TWT-JFK, 2013 WL 1010660, at *14 (N.D. Ga. Feb. 5, 2013). All anxiety-related disorders cannot be presumed to result only and always in an RFC limitation to simple work. The absence of such a connection demonstrates that

9

the administrative law judge drew a conclusion that either was without support in the evidence or was beyond his capacity as a lay person to draw and, therefore, would also make it necessary to remand this case once again.

### 4.  Social Security Ruling 83-20

The plaintiff's final argument is based upon an allegation that the administrative law judge failed to comply with Social Security Ruling 83-20 because he was "indisputably . . . found disabled by the VA[,]" and the evidence on the issue of disability before the date last insured was ambiguous, requiring the administrative law judge to use a medical advisor and to infer an onset date for the alleged disability.  Itemized Statement at 20.  This argument is based upon an incorrect reading of the Ruling.  As this court held in *Dennett v. Astrue*, Civil No. 08-97-B-W, 2008 WL 4876851, at *6 (D. Me. Nov. 11, 2008), Ruling 83-20 "contemplates that a decision of disability by the agency's own adjudicators, not another body's disability decision, triggers the need to apply the ruling."  *See also Saucier v. Social Sec. Admin. Comm'r*, Civil No. 2:13-cv-00230-NT, 2014 WL 4411023, at *4 (D. Me. Sept. 5, 2014).  The Ruling is not applicable here.

### II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 3rd day of August, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge