| | | |
|---|---|---|
| DONALD STAPLES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00392-DBH |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTIONS FOR EAJA ATTORNEY FEES

The plaintiff seeks a fee award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), of $11,389.27 for 71.2 hours of attorney and paralegal work performed in connection with this Social Security benefits appeal. *See* EAJA Application for Fees and Expenses ("EAJA Motion") (ECF No. 26) & [Fee Invoice] ("First Invoice"), Exh. A (ECF No. 26-1) thereto, at [3], *as modified by* Response to Opposition to EAJA Application ("EAJA Reply") (ECF No. 28) at 4 n.4 (withdrawing request as to 1.5 hours of paralegal time). He seeks a further EAJA fee award of $981.18 for 5.1 additional hours of attorney time expended in preparing his EAJA reply brief. *See* Supplemental EAJA Application for Fees and Expenses ("Suppl. EAJA Motion") (ECF No. 29) at [1].

The commissioner objects that the plaintiff seeks, in the EAJA Motion, to recover an unreasonable number of hours of work and that the Supplemental EAJA Motion is premature. *See* Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses ("EAJA

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of Social Security, is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Response") (ECF No. 27) at 1; Defendant's Response to Plaintiff's Supplemental EAJA Application for Fees and Expenses ("Suppl. EAJA Response") (ECF No. 30) at 1. For the reasons that follow, I recommend that the court grant the EAJA Motion in part, reducing the award to $8,681.63 (Eight Thousand Six Hundred Eighty-One Dollars and Sixty-Three Cents), and grant the Supplemental EAJA Motion, awarding the requested $981.18 (Nine Hundred Eighty-One Dollars and Eighteen Cents), resulting in a total award of $9,662.81 (Nine Thousand Six Hundred Sixty-Two Dollars and Eighty-One Cents).

## I. Applicable Legal Standard

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses of attorneys[.]" *Id.* § 2412(b). "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). "The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

The commissioner concedes that the plaintiff was the prevailing party within the meaning of the EAJA and does not contend that her position was substantially justified. *See* EAJA Response at 1-2. She agrees that some fee award under the EAJA is appropriate. *See id.* at 2.

## II.  Procedural Background

The procedural background of this case is out of the ordinary.  The plaintiff appealed to this court from the commissioner's denial of his application for Social Security Disability benefits.  *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 12) at 1-4.  The decision from which he appealed was the third issued on his claim for benefits, filed on February 11, 2008.  *See id.* at 1.  In July 2010, this court vacated a 2009 decision denying the claim and remanded the case for further proceedings, resulting in a second decision that the Appeals Council vacated, remanding the case for further proceedings in June 2013.  *See id.*  An administrative law judge ("ALJ") then issued the decision at issue in this appeal, with respect to which the Appeals Council denied review.  *See id.*  In his 20-page statement of errors, the plaintiff contended that the ALJ erred in seven discrete respects in finding no severe impairment at Step 2 and three discrete respects in concluding, in the alternative, that he was not disabled at Step 5.  *See id.* at 4-20.

I recommended remand on the basis that this court's 2010 order vacating the 2009 decision and remanding the case for further proceedings did not permit the reopening of the question of whether the plaintiff had a severe impairment at Step 2, which had been decided favorably to him in the 2009 decision.  *See* Report and Recommended Decision ("Recommended Decision") (ECF No. 19) at 3-5.  For the benefit of the parties on remand, I considered the plaintiff's Step 5 points, concluding that one of them – faulting the ALJ for failing to explain how he arrived at the plaintiff's residual functional capacity ("RFC") – also would necessitate remand.  *See id.* at 5-10.

The commissioner filed a nine-page objection to the recommended decision, conceding the Step 2 error but arguing that it was harmless because the ALJ made an alternative Step 5 decision that she contended should have been upheld or found, at most, to contain harmless error.  *See* Defendant's Objection to the Report and Recommended Decision and Request for Oral Argument ("Rec. Dec. Obj.") (ECF No. 20) at 2-8.  The plaintiff filed a 20-page response.  *See* Plaintiff's

Response to Objection to the Report and Recommended Decision ("Obj. Resp.") (ECF No. 21).

After hearing oral argument, *see* ECF No. 25, Judge Hornby affirmed my recommended decision,

*see* ECF No. 23. The fee applications followed.

## III. Discussion

### A. EAJA Motion

The commissioner objects to the full fee award sought in this case because she contends

that an unreasonable number of hours were spent preparing (i) the statement of errors (34.35 hours,

consisting of 22.75 hours of paralegal time and 11.6 hours of attorney time for the periods from

December 17, 2015, through December 21, 2015, and January 3, 2016, through January 9, 2016)

and (ii) the plaintiff's response to the objection to the recommended decision (22.55 hours of

attorney time from September 2, 2016, through September 8, 2016). *See* EAJA Response at 3-4.

She does not contest the reasonableness of the balance of the paralegal time (1.3 hours) or attorney

time (14.5 hours). *See id*. at 3.

She seeks a reduction to 23 hours (15, paralegal; eight, attorney) for the preparation of the

statement of errors and 5.5 attorney hours for the preparation of the response to the objection to

the recommended decision, which, when combined with the items that she does not contest, would

result in a total award of $6,853.92 for 44.3 hours of work in this case (28 hours of attorney time

at $192.39 per hour and 16.3 hours of paralegal time at $90.00 per hour). *See id*. at 4-7.[2]

In response, as noted above, the plaintiff withdraws his request for compensation for 1.5

hours of paralegal time logged on December 18, 2015, on the issue of *res judicata*, explaining that

the paralegal was confused and did not understand that the ALJ had chosen not to consider that an

issue in the plaintiff's case. *See* EAJA Reply at 4 n.4. However, he continues to press for the

---

[2] The commissioner miscalculates the total as $6,824.40, apparently in part because she mistakenly used an hourly attorney fee rate of $192.30, rather than $192.39. *Compare* First Invoice at [3] *with* EAJA Response at 1.

remainder of the fee award sought, arguing that it is reasonable in the circumstances. *See id*. at 2-7.

I conclude that a reduction to 23 hours (15, paralegal; eight, attorney) for work done on the statement of errors is warranted, but that 15 hours of attorney time is warranted for work performed on the response to the objection to the recommended decision, a more modest reduction than that sought by the commissioner.

## 1. Statement of Errors

As the commissioner points out, *see* EAJA Response at 5, in a recent EAJA fees case, this court held that an expenditure of 32.1 hours by an attorney and his staff on a Social Security statement of errors was excessive in circumstances in which the attorney was an experienced Social Security practitioner, albeit one who did not typically practice in the First Circuit, had raised three garden-variety issues, and the administrative record was only 422 pages long, *see Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2015 U.S. Dist. LEXIS 1128, at *5-*6, *11, *13 (D. Me. Jan. 5, 2015) (rec. dec., *aff'd* Jan. 26, 2015). On the basis that, even allowing for the attorney's need to conduct research to familiarize himself with First Circuit caselaw and for a careful record review, 32.1 hours for preparation of the statement of errors was excessive, the court deducted 10 hours from the total for which fees were requested. *See id*. at *13.

Factoring in the plaintiff's withdrawal of his fee request for 1.5 hours of paralegal time, he seeks compensation for a total of 32.85 hours spent preparing the statement of errors, slightly more than in *Dowell*.

The commissioner argues, *inter alia*, that, while the record in this case was longer than average, totaling 931 pages, the time expended in drafting the statement of errors was excessive given that (i) the plaintiff's attorney had represented the plaintiff since his first hearing on the

disability application at issue, in February 2009, a familiarity that should have speeded the review process, and (ii) the case did not involve particularly complex issues. *See* EAJA Response at 4-5.

The plaintiff rejoins that the record in this case totaled almost 1,000 pages and asserts that the issues "were complicated[,]" with the ALJ denying his claims at Step 2 and then alternatively at Step 5, a presentation that his counsel does not recall having seen before, and the case having previously been remanded by both this court and the Appeals Council. *See* EAJA Reply at 2. He adds that his counsel uses a combination of paralegal and attorney time in an attempt to handle cases efficiently, with a minimum time investment. *See id.* at 3.

After careful consideration, I conclude that the plaintiff fails to carry his burden of demonstrating that the total number of hours expended on the statement of errors was reasonable.

First, while the procedural background of this case might have been unusual, the plaintiff raised a series of garden-variety issues contesting the Step 2 and alternative Step 5 findings. *See* Statement of Errors at 4-20. The fact that the case had been remanded twice had no bearing on those substantive issues, apart from the Step 2 argument that the ALJ failed to comply with the Appeals Council's remand order and the Step 5 argument that the ALJ's Step 5 finding was precluded by the law of the case. *See id.* at 11-17. A failure to comply with a remand order is, in itself, a garden-variety issue, and little more than a passing reference was made to the Step 5 "law of the case" argument. *See id.* at 15. As the commissioner notes, *see* EAJA Response at 4, this court has deemed a *total* expenditure of 30 to 35 hours on a Social Security appeal reasonable when no complex issues were involved, *see Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 4628784, at *3 (D. Me. July 31, 2015) (35 hours); *Dowell*, 2015 U.S. Dist. LEXIS 1128, at *14-*15 (34.8 hours of substantive attorney time); *Guimond v. Social Sec. Admin. Comm'r*, No. 1:10-

CV-00037-JAW, 2011 WL 3100537, at *2 (D. Me. July 25, 2011) (rec. dec., *aff'd* Sept. 6, 2011) (30 hours).[3]

Second, the plaintiff's attorney's familiarity with the case should have resulted in greater efficiencies. *See, e.g., Brennan v. Barnhart*, No. 05-123-P-S, 2007 WL 586794, at *2 (D. Me. Feb. 20, 2007 (rec. dec., *aff'd* Feb. 26, 2007) ("Familiarity with the underlying materials concededly should speed the record-review process[.]").  The plaintiff protests that, because this appeal presented different issues and a complicated procedural posture, his "counsel gained little from his general familiarity with the record[,]" and "the paralegal . . . had not seen the case in years and gained nothing from having worked on it before."  EAJA Reply at 5.  These arguments are largely unpersuasive. The procedural posture of the case should not have seemed complicated precisely because of counsel's familiarity with the case, and record review should have been more efficient.   Yet, the paralegal spent 5.25 hours on record review and 17.5 hours drafting the statement of errors, and counsel logged an additional 8.10 hours on a combined detailed review of the record and revisions to the statement of errors, as well as an additional 3.5 hours working on the draft.  First Invoice at [1]-[2].

Third, while I appreciate that the plaintiff's counsel's use of paralegals is designed to result in efficiencies and reduce costs, that did not happen here.  The plaintiff himself explains:

> Counsel's paralegal had difficulty with the nuances of the multiple decisions and remands in this case.  As a result, counsel spent more tha[n] the usu[]al time sorting out the draft and substantively rewriting sections of the draft, resulting in a draft that had to be reduced to fit the 20 page limit and requiring about 20 hours of attorney time through the point of receipt of the Report and Recommended [D]ecision.

---

[3] My research of the court's CM-ECF docket confirms the plaintiff's assertion that neither *Dowell* nor *Knudsen* involved the filing of an objection to a recommended decision. *See* EAJA Reply at 3 & 4 n.3. Even so, for purposes of an apples-to-apples comparison, the plaintiff seeks recompense for a total of 41.95 hours of work prior to motion practice on the commissioner's objection to the recommended decision, significantly exceeding the totals deemed reasonable in *Dowell* and *Knudsen*. *See* First Invoice at [1]-[2].

EAJA Reply at 4-5.  The plaintiff argues that "the time spent in that portion of the case was necessary, reasonable and would have been charged to a private client, thus meeting the standard for billing such time under the EAJA."  *Id*. at 5.  Yet, on its face, the time was neither necessary nor reasonable, involving duplicative effort and greater substantive revision than was normally required.  While the plaintiff has withdrawn his request for fees as to 1.5 hours of paralegal time, that is not a sufficient reduction to render the total number of hours devoted to the preparation of the statement of errors reasonable.

I conclude that a fee award for 23 hours of work on the statement of errors (15 hours of paralegal time and eight hours of attorney time) is reasonable in these circumstances, resulting in a fee award of $2,889.12 for work on that brief ($1,539.12 for eight hours of attorney time at $192.39 hourly and $1,350 for 15 hours of paralegal time at $90 hourly).  This adjustment takes into account efficiencies expected from counsel's familiarity with this case and his experience as a Social Security practitioner, the inefficient use of paralegal/attorney time, and the garden-variety nature of the issues raised, while making allowance for the greater than average size of the record.[4] It also brings the total number of compensable hours expended in this case from its inception through the issuance of the recommended decision to 31.85, in line with the range this court has deemed reasonable in garden-variety cases.  *See, e.g., Dowell*, 2015 U.S. Dist. LEXIS 1128, at *3,

---

[4] The commissioner argues that the fee award should be reduced on the further basis that the plaintiff did not succeed on all issues raised in his statement of errors, a proposition for which she cites *Knudsen* and *Guimond*.  *See* EAJA Response at 5.  The plaintiff disputes that any reduction on that basis is appropriate, quoting *Guthrie v. Astrue*, No. 10-cv-03180, 2012 WL 403970 at *2 (N.D. Ill. 2012), for the proposition that, if "arguments that do not contribute to a plaintiff's ultimate success were not eligible for compensation for that reason alone, then the attorneys might be discouraged from raising novel but reasonable arguments in support of their client's claims and a disincentive for strong advocacy could result."  EAJA Reply at 5-6.  I need not resolve this point, because it makes no difference here. The court did not address the plaintiff's alternative arguments for remand at Step 2.  *Compare* Statement of Errors at 4-14 *with* Recommended Decision at 3-5.  While, for the benefit of the parties on remand, it did address the plaintiff's Step 5 arguments, it deemed one of them meritorious.  *Compare* Statement of Errors at 14-20 *with* Recommended Decision at 5-10.  It makes little sense to reduce the fee award on the basis that not all points prevailed when the court found no reason even to address several of those points, which may or may not have had merit.

*14-*15 (awarding EAJA fees for 34.8 hours of substantive attorney time, rather than the 44.8 requested by claimant); *Knudsen*, 2015 WL 4628784, at *3 (awarding EAJA fees for 35 hours, rather than the 44.4 requested by claimant); *Brennan*, 2007 WL 586794, at *7-*8 (awarding EAJA fees for 33.9 hours rather than the 67.9 requested by claimant).[5]

## 2. Response to Objection to Recommended Decision

The commissioner seeks a steep reduction from 22.55 hours to 5.5 hours in compensable time devoted to the preparation of the plaintiff's response to her objection to the recommended decision. *See* EAJA Response at 6. She contends that, although the response totaled 19 pages, much of it was unnecessary. *See id*. She asserts that the first five pages consisted of a lengthy, unnecessary summary of the procedural and factual background, which had already been detailed in the statement of errors, two pages were devoted to an error that she had conceded, eight pages were devoted to the plaintiff's *own* objections to the recommended decisions, and only five pages actually addressed her objection. *See id*.

The plaintiff explains that, because of the shorter time limit to respond to the objection, his counsel primarily handled the response, enlisting the assistance of an associate who spent 4.1 hours on it and seeking a brief review by a colleague. *See* EAJA Reply at 6. He notes that his counsel spent 13.3 hours reviewing the objection, re-reading portions of the record, reading each of the cited cases and reviewing them to see if they had been overturned or even questioned, researching First Circuit cases, and drafting a 20-page rough draft response. *See id*. He asserts that his

---

[5] The plaintiff cites *Golfieri v. Astrue*, No. 06-14-B-W, 2007 WL 922256, at *3 (D. Me. Mar. 26, 2007) (rec. dec., *aff'd* Apr. 16, 2007), for the proposition that *Golfieri* suggests that 40 hours is a reasonable upper limit for preparation and presentation through an initial oral argument and decision, *see* EAJA Reply at 4; however, in *Golfieri*, the court merely noted that, although *the commissioner* had suggested in other cases that between 20 and 40 hours was reasonable, he had not made clear why the claimant should receive an EAJA fee award for fewer than the 15.5 hours requested, *see Golfieri*, 2007 WL 922256, at *3. While, in the more recent *Dowell* case, the court declined to plot the outer boundary of the yardstick range of hours devoted to a typical Social Security appeal in this district, it observed that "the high end of the range may be closer to 30 than to 25 hours[,]" as the commissioner had contended. *Dowell*, 2015 U.S. Dist. LEXIS 1128, at *11.

counsel's expenditure of 13 hours to create a complex 20-page draft and an additional 4.4 hours to revise the draft to address weak points identified by his colleague was not unreasonable.  *See id.* at 6-7.

I conclude that the majority of the effort devoted by the plaintiff's counsel to the response was reasonably necessary.  The commissioner had made the simple but forceful argument that, even conceding error at Step 2, any error was harmless because the ALJ made an alternative Step 5 finding that passed muster or, in the alternative, itself was merely harmless error.  *See* Rec. Dec. Obj. at 2-8.  She cited several cases reflecting this court's "well-established recent precedent" that an error in determining a claimant's RFC is harmless if an ALJ has supportably rejected more plaintiff-friendly RFC opinions and arrives at an RFC determination more favorable to the plaintiff than the evidence would otherwise support.  *See id.* at 7-8.  This required the plaintiff to distinguish and/or challenge that caselaw, and he understandably endeavored to do both.  *See* Obj. Resp. at 10-19.  In that context, he both (i) contested the finding that the ALJ had supportably rejected more plaintiff-friendly expert opinions and (ii) highlighted other evidence of record that, in his view, demonstrated that the ALJ's RFC determination was not more favorable to the plaintiff than the evidence would otherwise support.  *See id.*  That portion of his response was not a standalone objection to the recommended decision; rather, it was directly responsive to the commissioner's objection.

That said, I agree with the commissioner that the inclusion of a summary of the procedural posture and factual background of the case and the brief discussion of the conceded Step 2 error were unnecessary.  While certain facts were central to the plaintiff's argument, he discussed them in detail in the body of his brief.  *See id.* at 12-19.

Beyond that, there is seeming duplication of effort in the work performed by the plaintiff's counsel and the work performed by an associate. On September 2, 2016, the associate logged 2.2 hours working on the draft response to the objection, yet, three days later, on September 5, 2016, the plaintiff's counsel logged three hours "[s]tart[ing]" the draft response. First Invoice at [2]. In addition, after the plaintiff's counsel devoted a further 3.9 hours to the draft on September 5-6, 2016, and the associate logged 1.9 hours working on it on September 6, 2016, the plaintiff's counsel spent an additional 6.4 hours on the draft before showing it to his colleague for comment on September 8, 2016. *See id.* The plaintiff, who bears the burden of demonstrating the reasonableness of his fee request, *see, e.g.*, *Mason*, 387 F. Supp.2d at 60, does not explain how the associate's work reasonably furthered the time-sensitive project for which his counsel took primary responsibility, *see* EAJA Reply at 6-7.

For these reasons, I recommend that the court reduce the number of compensable hours devoted to the preparation of the response to the commissioner's objection to the recommended decision, but by a total of 7.55 hours, rather than by 17.05 hours as requested by the commissioner, resulting in a fee award of $2,885.85 (15 hours times $192.39) for work performed on that brief.

This, combined with the recommended reduction in compensable hours devoted to preparation of the statement of errors, and taking into account the fee items that the commissioner does not contest, would result in a reduction in the number of hours for which an EAJA fee award is granted from the requested 71.2 to 53.8, consisting of 37.5 hours of attorney time at an hourly rate of $192.39 ($7,214.63) and 16.3 hours of paralegal time at an hourly rate of $90 ($1,467), resulting in a total recommended award of $8,681.63.[6]

---

[6] While 53.8 hours for this case as a whole significantly exceeds the totals found reasonable in *Dowell* and *Knudsen*, the plaintiff's point that those cases did not involve a need to respond to an objection to a recommended decision, and thus are not on all fours as comparators, *see* EAJA Reply at 3 & 4 n.3, is well-taken.

## B.  Supplemental EAJA Motion

The plaintiff seeks an additional attorney fee award of $981.18 for 5.1 hours of work by his attorney, at a rate of $192.39 per hour, spent preparing his reply to the commissioner's opposition to his fee motion.  *See* Suppl. EAJA Motion at [1].[7]

The commissioner objects that this request is premature until the court rules on the original EAJA motion.  *See* Suppl. EAJA Response at 1.  She states that, hence, she cannot take a "definitive position" on the supplemental EAJA motion.  *See id*. at 1-2.  However, she states that if the court sustains her objection *in toto*, she asks that it award nothing in supplemental fees, if it grants the EAJA motion in full, she has no objection to the supplemental fee award requested, and if it sustains her objection to the EAJA motion in part, it award supplemental EAJA fees in proportion to the success of the plaintiff's response to the commissioner's objection.  *See id*. at 2.

The commissioner cites no authority for the proposition that the supplemental EAJA motion is premature.  As the plaintiff points out, *see* Plaintiff's Reply to the Commissioner's Response ("Suppl. EAJA Reply") (ECF No. 31) at [1], this court has instructed that such supplemental fee awards should be sought by way of "a supplemental motion attaching an affidavit with respect to the fees incurred in filing the reply brief – a style of presentation that affords the commissioner an opportunity to respond[,]" *Dowell*, 2015 U.S. Dist. LEXIS 1128, at *14.  The plaintiff did so here.

I perceive no reason why the filing of such a motion must await the court's resolution of a pending EAJA motion.  The commissioner's position appears to hinge on the belief that the size of any fee award for the filing of a reply brief depends on the success of the original EAJA motion.

---

[7] The invoice attached to the supplemental motion indicates that the plaintiff's attorney spent 5.6 hours preparing the reply brief, resulting in a fee of $1,077.38 at an hourly rate of $192.39.  *See* [Fee Invoice] ("Second Invoice"), Exh. A (ECF No. 29-1) to Suppl. EAJA Motion.  However, like the commissioner, I deem the request made in the plaintiff's motion controlling.  *See* Suppl. EAJA Response at 1.

However, as the plaintiff argues, *see* Suppl. EAJA Reply at [2], that is not the case, *see, e.g., Commissioner, INS v. Jean*, 496 U.S. 154, 164 (1990) ("If the Government could impose the cost of fee litigation on prevailing parties by asserting a 'substantially justified' defense to fee applications, the financial deterrent that the EAJA aims to eliminate would be resurrected.").

The supplemental EAJA fee request is reasonable, and I recommend that the court grant it.

## IV.  Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the EAJA Motion in part, awarding EAJA fees in the amount of $8,681.63 (Eight Thousand Six Hundred Eighty-One Dollars and Sixty-Three Cents), and otherwise **DENY** it, and **GRANT** the Supplemental EAJA Motion, awarding the requested $981.18 (Nine Hundred Eighty-One Dollars and Eighteen Cents), for a total EAJA fee award of $9,662.81 (Nine Thousand Six Hundred Sixty-Two Dollars and Eighty-One Cents).

### ***NOTICE***

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 13th day of June, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge